UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WESTERN UNION FINANCIAL SERVICES, INC.,
individually and as successor in interest to
INTEGRATED PAYMENT SYSTEMS, INC.,

          Plaintiff,

     v.                                       Case No. 13-C-551

DR R C SAMANTA ROY INSTITUTE OF SCIENCE
AND TECHNOLOGY INC, a/k/a S.I.S.T., d/b/a
MIDWEST OIL; NAOMI ISAACSON; KAL GENE GRONVALL,
a/k/a KALMAN GRONVAL; and BRUCE EUGENE SCOTT,

          Defendants.

## ORDER FOR REMAND

Plaintiff Western Union Financial Services, Inc. sued Dr. R C Samanta Roy Institute of Science and Technology, Inc., and the other individual defendants (hereinafter, collectively, SIST) for breach of contract, breach of fiduciary duty, intentional misrepresentation, conversion, and unjust enrichment. The complaint was filed in the Circuit Court for Shawano County. SIST removed the case to this court asserting federal jurisdiction under 28 U.S.C. § 1332. Plaintiff has since moved to remand the case on the ground that, because SIST is a citizen of the state of Wisconsin, the case is not removable.

Under 28 U.S.C. § 1441(b)(2), "a civil action otherwise removable solely on the basis of jurisdiction under § 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." A corporate party is a citizen of a state where it is incorporated and where it has its principal place of

business. Plaintiff notes that, according to the Wisconsin Department of Financial Institutions, SIST registered its principal place of business at 1206 E. Green Bay Street, Shawano, Wisconsin. Because SIST's principal place of business is in Wisconsin, the same state as the original action, Plaintiff argues that removal under 28 U.S.C. § 1442(b)(2) is improper.

It is clear from their response to Plaintiff's motion that SIST does not understand federal removal procedure. SIST admits that it is a citizen of Wisconsin for diversity purposes, and argues that because Plaintiff is not a citizen of Wisconsin, complete diversity exists in the case. Defendants fail to acknowledge 28 U.S.C. § 1441(b)(2) and its limitation on the right of a defendant to remove a case from the court of a state in which it is a citizen. In other words, SIST does not understand the forum defendant rule which is "designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Morris v. Nuzzo*, __ F3d __, 2013 WL 2248977 *3 (7th Cir. May 23, 2013)(quoting *Hurley v. Motorcoach Industries, Inc.*, 222 F3d 377, 378 (7th Cir. 2000).) "The forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Id.* Though not jurisdictional, the rule is fully applicable here where plaintiffs have objected to the removal and filed a timely motion to remand.

Accordingly, the motion for remand is **GRANTED** and defendants are directed to pay just costs and any actual expenses, including attorney's fees incurred as a result of the removal. Pursuant to 28 U.S.C. § 1447(c), *a certified copy of this Order of Remand shall be mailed by the Clerk to the Clerk of the Circuit Court for Shawano County*.

2

Plaintiff's motion for a stay (ECF No. 16) is **DENIED AS MOOT**, as is SIST's motion to transfer the action to the District Court of Minnesota. (ECF No. 12.). The remaining motions to dismiss SIST's counterclaim (ECF No. 3) and to amend the counterclaim (ECF No. 14) remain pending for disposition by the Circuit Court for Shawano County.

**SO ORDERED** this   10th   day of July, 2013.

                                             s/ William C. Griesbach
                                             William C. Griesbach, Chief Judge
                                             United States District Court